THOMPSON, Judge.
Tommy H. Taylor, as attorney in fact for Mr. and Mrs. Claude Morris, filed an action alleging that Lewis Rollins; Tommy Rollins; and David Bryant, individually and d/b/a Foothills Timber Co., wrongfully cut down and removed timber from the Morrises’ property. Taylor, on behalf of the Morrises, sought damages for alleged trespass and for the damage to the Mor-rises’ property. The defendants answered, *662 and Lewis Rollins and Tommy Rollins (“the Rollinses”) counterclaimed, seeking a determination of the boundary between the Morrises’ property and the Rollinses’ property.
After receiving ore tenus evidence, the trial court entered a judgment in which it purported to establish a boundary line between the Morrises’ property and the Rol-linses’ property. The trial court found for the defendants on the remaining claims. Taylor filed a postjudgment motion; the trial court denied it. Taylor appealed to the Supreme Court of Alabama, which transferred the appeal to this court, pursuant to § 12-2-7(6), Ala.Code 1975. Because we must remand this case for a clarification of the judgment as it relates to the determination of the boundary line, we address only that claim.
The Rollinses’ property abuts the northern border of the Morrises’ property. The dispute concerns the location of the boundary line between those properties. All of the deeds to the two parcels of property name the “Chulafinee Creek” as forming the boundary between the properties.
At one time, Chulafinee Creek ran from west to east in an essentially straight path that, according to the testimony of some witnesses, would be along the north side of the property now in dispute. In the mid-1940s, the Morrises allowed the State to excavate gravel from the disputed area. The record indicates that during the excavation, Chulafinee Creek, because of either man-made or natural causes, changed course, so that Chulafinee Creek now flows in a west-to-southeast course along the south side of the disputed area.
The boundary-line dispute between the parties at trial was essentially a question of which of the two creek paths forms the boundary between the properties — the old creek path or the current creek path. Although several maps of the property were presented, the defendants presented the only survey of the disputed area; that survey was performed by John L. Ratley, Jr. The Ratley survey designates an “existing ditch, road bed, and drainage ditch,” the “old creek channel,” and the “Chulafi-nee Creek channel in 1996.” There was some testimony indicating that the “existing ditch” referred to on the Ratley survey was, in fact, the old course of the Chulafi-nee Creek.
The trial court referred to and incorporated the Ratley survey in its judgment. The judgment purported to establish the boundary line as follows:
“[T]he dividing fine between the property of the [Rollinses] on the North and the [Morrises] on the South extends along an old ditch line from the Janice G. Rollins property as identified on the survey by [John L. Ratley, Jr.], filed as an exhibit in this cause. The Court further finds that the line extends down the old ditch to its intersection with the ‘old run’ of the Chulafinee Creek; thence in an easterly direction along the old creek run of the Chulafinee Creek to its intersection with the east line of the said Southwest 1/4 of Section 12, Township 17, Range 9.”
On the Ratley survey, the “existing ditch, road bed, and drainage ditch” does not intersect the path designated as the “old creek channel.” Further, the path designated as the “old creek channel” does not intersect with the east line of the property, as the trial court states in its judgment. The parties, in their briefs on appeal, seem to assume that the trial court interpreted the “existing ditch, road bed, and drainage ditch” to be the “old run” of the Chulafinee Creek and that its judgment, therefore, established the boundary between the properties along that line. However, this court cannot discern the true boundary line between the properties *663 by comparing the express terms of the trial court’s judgment with the survey referenced and incorporated in that judgment. Therefore, we remand this case to the trial court, which has 60 days to clarify that portion of its judgment regarding the location of the boundary line between the two properties.
REMANDED WITH INSTRUCTIONS. 
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur.